argument not to exceed 15 Mr. Dundon for appellant. Mr. Dundon. At this point I would primarily rely on my brief. Your honors, I believe there was just some a few key mistakes made by the trial court when he was the trial judge seemed to not be  accusing my client of suing someone else's the driver's insurer. And that's actually not true. By operation of law, it was her insurer. So we would argue that this is not under the direct action statute because Malali, the driver, could not have been named as a party defendant. So in short, she is not seeking benefits from a third party tort case pending in state court. That is not this. This is a PIP case, which is not a direct action according to our reading. I just have two questions. I don't know about my colleagues. One has to do with these other related cases. There's a Dushaj case. That's Judge Rosen as well. He held against. I understand. And there's a Drana. Is that how you pronounce it? Drana. How do you pronounce this name? It's Lajuraj is the last name. Drana. Lajuraj, Judge. Lajuraj. Actually, I believe I maybe just misspoke. I believe Judge Cone maybe ruled in favor. I'm not asking which judge. I'm trying to get the parties straight right now. Yes, sir. How do you say her name? Lajuraj is the last name of. How do you say the first name? Drana is one. Okay, Drana. You represent Drana, but not today. Yes, sir. In order for Drana to win, she can't have self. You look to your own insurer first, right? Under this Michigan statute? That's correct, Your Honor. So in order for her to win, she has to be not insured then, right? Yes, Your Honor. That's correct. What do you do with them? I'm looking at page 22 of your brief, I guess, where you're talking about the Dushaj case. Forgive my pronunciation. That's correct, I believe. Is that a correct quote from the Dushaj opinion on page 22 of your brief? The Dushaj opinion, which. Page 22 of your brief. Yes, sir. I believe I'm on it. I'm trying to find. That's Judge Kahn's case. Okay, I'm in the Dushaj opinion. I'm talking about the Dushaj opinion in your brief, all right? Right in the middle of that quote. This is in the Dushaj case now. Yes, sir. He's suing on the policy of his mother, Draina Lulgeraj. Is that the same woman? I believe it is, Your Honor. So she's in all three of these cases, one way or the other? I believe so, Your Honor. And in this one, she has insurance. In the other one, she doesn't have insurance? No, I believe it was Elvira that didn't have insurance, Your Honor. The case. I'm talking about the Drana case. You're also asking if in the Drana case, the theory of your case was that she lacked insurance. But the theory of your case in, I guess it's brought by your law firm but not by you, in the Dushaj case, is that she has insurance or is it the same person? Spelled the same way. Are you with me? Do you see my question? Yes, Your Honor. I guess I'm just, to be honest, I'm If you don't know, we're lost. It's a remarkable coincidence that Draina is in all three of these cases. Oh no, I'm sure, it's got to be, I believe it's her mother, Your Honor. Whose mother? Dushaj's mother? Yes, I believe. So does Draina have insurance or not, I guess is my question, because in one case you're saying she doesn't. Not that it resolves this case, but it seems a little puzzling. So I thought I might ask you. Yes, Your Honor. I don't believe, I apologize, Judge, I don't believe I have You see how it's a little inconsistent to be arguing in one case that unless the insurance ran out between these two accidents, I guess that's possible. Yes, Your Honor, I apologize. The facts in the Elvira case were that she didn't have insurance, so I don't know. You just didn't look at the Draina case for this appeal because this case doesn't involve her, I guess. Obviously I should have spent more time reviewing the other case, Judge. Let me ask another question. This is my only other question. In your brief, you don't cite the one hurdle that I see to ruling in your favor, which is the Ford case. Is that strange that you wouldn't cite the binding precedent of this circuit that most clearly goes against you? I thought the Ford case was mentioned. I believe I have a copy of it. Well, we're familiar with it because you're opposing counsel who's arguing the same way you are right now, has cited it. But that's, I guess, problematic to me when you file a brief in this circuit and don't cite our precedent, which at least arguably goes against you. That's problematic. Isn't the difference between this case and Ford... Ford was not insured by the policy from which they saw recovery, right? Right about that? That was my understanding, and I know for sure that I read it, and I believe I might even have a copy of it. I don't know. I don't have any questions. Okay, I think that's fine, counsel. We'll ask the question of the opposing counsel. He appears to have the same position on jurisdiction. Yes, sir. Thank you. Good afternoon, Your Honors. Jim Gross, appearing for State Farm. First, to address the cast of characters, Elvira, the plaintiff in this case, was the driver of the car. Draina was a passenger in the car. Malali was the owner of the car. We got that. What about in Doussage? I really didn't pay much attention to the passenger he co-owned with his former girlfriend. I didn't notice that the plaintiff in one of these cases is the insured in the other, or is that a typo? I don't see where it could be the same accident. It's not the same accident. It's clearly a different accident. She just appears everywhere like sailing. Is that right, or maybe it's wrong? I don't know. I don't know. Okay, that's fine. You are the party in all of those. I mean, your client is the party in all of those cases. Yes, but I do confess I did not pay enough attention. In that case, Judge Averin Cohn decided the legal issue the way you want us to decide it today. Is that correct? That's correct, Your Honor. And what is that again? I mean, I'm a bit confused. Maybe I'm genuinely confused here, but State Farm was the move-in to get rid of this case. The motion's granted. Now we're all here, and I understand, unless I'm mistaken, I really might be, it seems that you're now saying the District Court should not have granted your motion. That's a fair assessment, and understanding how this came about requires an appreciation of, first of all, the Drana case was assigned to Judge Rosen. This case was assigned to Judge Hood. Judge Rosen immediately sent an order to show cause why the case should not be dismissed. There was no answer to the complaint filed. In Drana's case? Yes, in Drana's case. He eventually dismissed for lack of subject matter jurisdiction. Was that Sua Sponte in that case? Yes, Sua Sponte ordered it. And then the dismissal was not pursued? No, he asked for a response from the plaintiff, and he got it, but he didn't like it. You weren't even served in that case, right? As far as I know, we weren't. I know we didn't answer. That one goes down. I know we didn't answer. So now, three months later, we have Elvira's case, and the motion for summary disposition was brought, and I think... By you? By us. There was no, obviously no discussion about Ford Motor Company or the jurisprudence concerning removal. The concern was, I think, to have both cases in the same court, wherever it was that they ended up. If you go back and look at the motion for summary disposition that was filed in this case, it's very perfunctory, and it basically says no more than Judge Rosen granted summary disposition in the other case, so you should also grant it in this case. If I understand your position in Elvira's case, which is before the court for argument today, if I understand State Farm's position there, taking the position that the direct action statute does not apply, correct? That's correct, Your Honor. What do you make of the viability of Ford Motor Company, or does that matter in this case? In this case, ultimately, it does not matter, and that's because of Lee Lipstro. But I do have one... I was going to make one comment on the Ford Motor Company case that I didn't really emphasize in the brief. It's disregard... the most obvious flaw is it's disregard of the language that it was purporting to apply. After acknowledging the limited target of the statute, which was the Wisconsin and Louisiana direct action situations, the court said, and bear with me for a brief quote, we should not limit application of the amendment to the specific conditions which gave it birth, a proposition with which I don't think anybody can take issue. However, the pertinent language is, if the language encompasses, against an insurer of a policy of liability insurance. First of all, a no-fault policy is not a policy of liability insurance, and in these cases, the insured is the person suing. Obviously, you're not going to add yourself. Second... I mean, if she was not an insured under the policy in this accident, is it your position that there would be jurisdiction then, or would not be? Yes, I don't think... That's what we all thought this case... the question that was presented, I guess, and so I had a curiosity in... Well, there's two. If she is not an insured under the policy, then Lee Lipstro is not going to apply, and you're going to have to squarely overrule Ford Motor Company in order to keep the case in. You said we had... you and your... I don't have Ford in front of me. In your on-bank petition, you said we had to overrule Ford in order to rule in your favor. Now you've changed your position on that. Is that correct? Now you say we can rule in your favor without overruling Ford? As I recall, what I said in my on-bank position was that I was asking the court to overrule Ford Motor Company, and that the case law I looked at said that one panel can't do that. I was not abandoning my second issue. I see. Go ahead. I mean, this case doesn't even present a question that would implicate Ford, as you're now presenting it, because she's just suing her own insurer for all practical purposes here. Isn't that correct? So let me skip a bunch of other stuff I was going to talk about and get to the bottom line here. Lee Lipstro virtually overruled Ford Motor Company anyway. Well, I can tell you it's going to be hard for a panel of this court to hold that a three-judge panel overruled another three-judge panel, because we have this strange doctrine in our circuit that you can't do that. Even if you do it, you have to pretend it didn't happen. That's our doctrine. I can't help it. Is there a way in which we can distinguish Ford? What is the way to distinguish Ford? And if you just say, well, here's my problem with the glib way of distinguishing it, you can say, well, in Ford, they weren't the insured, but their property is injured by the instrumentality that caused the injury, and since the owner of that instrumentality had an insurance policy that paid directly the property owner, why isn't the property owner an insured under the policy? It sounds like under the rationale of Ford, they are an insured under the policy that implements the statute. That's two questions, and I'll answer the last one first. In Ford Motor Company, the policy could not have been deemed a substitute for liability insurance because the claim was being made by the entity who was responsible for the damage. It was a Ford Motor Company... He's not suing because of that. He's suing because of the fact that there's a contract that they assert, a policy that they assert protects them, or provides for them. He's not suing based on his own negligence. It'd be hard to do that. No, but my point was he's not suing on the basis of the other party's negligence either. To that extent, it parallels this case, right? I don't think so. In each case, you have somebody who is suing somebody that the statute makes liable. The statute makes it liable, and the insurance contract replicates the statute, or is interpreted. If it doesn't say it, it's deemed to have said it, so it doesn't really matter. You're suing under a contract that benefits you, even though the person who bought the contract, the primary named, or whatever you call them in insurance jargon, is not the tortfeasor. In both our case and Ford, that's the case, right? If not, what's the difference? In both our case and in Ford, this is where I'm struggling to find out. I'm sympathetic with your position, but it's got to parse when we write it. The claimant in Ford Motor Company was not a named or defined insured under the property protection coverage. Why not? It seems like they are. It's anyone whose property is insured gets coverage. Why isn't that a defined insured? It's a contract which says pay him. Why doesn't that make him an insured person? In that case, we run into Lee Lipstro. We have to decide what we're going to do with that. But Lee Lipstro isn't even a... If I understand it right, INA was the insurer of refiners. Of the trucking company, yes. The policy of INA covered refiners. I think the differentiation is that in Ford, the Ford Motor Company was not a defined insured under the policy, whereas in this case, before us, because the plaintiff was an occupant of the motor vehicle owned by Mullally, the plaintiff is a defined insured under the auto policy. Here's my devil's advocate question that applies to that. I wonder what the answer is. I'm having trouble seeing why in Ford you're not a defined insured if the policy says people in your category will get paid under this policy. That's what a defined insured means, isn't it? It means you'll get paid if certain things happen. Here's a policy which says you will get money if X happens, and you get the money when X happens. Why doesn't that make you a defined insured? I cannot say that that is an indefensible position, Your Honor. So what's the answer to it? All you can say is that Lee Lipstrow has now overturned this case? That's where I'm going. If you don't have any other argument, we're sort of stranded. The plaintiff in Lee Lipstrow was not the person who purchased the policy. It was purchased by her employer. The plaintiff in this case was not the person who purchased the policy? That's correct. In Lee Lipstrow, the plaintiff was a defined insured. That's what the Ohio Supreme Court held in Scott Ponser. In Michigan, by statute, a no-fault policy provides insurance to a named insured, a spouse, a resident relative of either. And owners of property that are insured. It does not define that as an insured. It's just the word that it uses. It makes them an insured but doesn't use the word insured? Is that the difference? It would be strange if that made a difference for federal purposes. It does not define the person receiving property protection benefits as an insured. It simply says, the policy says, we will pay for any property damage caused by the use of your vehicle, fault regardless. I see that as a difference. You have to concede that it's kind of an artificial difference. But for Lee Lipstrow, I wouldn't be harping on that. Further questions? Can I ask a question about the viability from your perspective of the line of cases that originated in the Eastern District of Michigan? Specifically the McMurray case. Is McMurray viable post Lee Lipstrow? Looking for my list of cases here. Here we are. That was a first party case. That was Judge Kennedy's case in 1978. It predated Ford Motor Company by four years. My position is that no, it is no longer viable because I don't think that there's much left from Ford Motor Company after Lee Lipstrow says, if you're a defined insured, the direct action amendment doesn't apply because you're suing your own insurer. What about Thornton and Watkins? They would appear to be consistent with your theory that you're propounding today. Yes, two 1980 cases, both by Judge Newblatt, perfectly consistent with what we're arguing here. Thank you. Thank you, Your Honors.